UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA,<br><br>             Plaintiff,<br><br>       vs.<br><br>B. A. LACEY, et al.,<br><br>             Defendants. | 1:15-cv-00774-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR REMAND BE DENIED<br>(Doc. 4.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      BACKGROUND**

This is a civil action filed by plaintiff Guillermo Garcia ("Plaintiff"), a state prisoner proceeding pro se. This action was initiated by civil Complaint filed by Plaintiff in the Tuolomne County Superior Court on October 31, 2011 (case #CV57059). On or about April 27, 2015, Plaintiff filed an amended complaint.[1] (Doc. 2, Exh. E.) On May 20, 2015, defendants Lacey, Lackner, Baldwin, Koenig, Chavez, Quinn, Wattle, Tennison, and Kavanaugh ("Defendants") removed the case to federal court by filing a Notice of Removal of Action under 28 U.S.C. § 1441. (Doc. 2.) Defendants also filed a request for screening of the complaint by the court. (Id.)

---

[1] Defendants state that the amended complaint alleged, for the first time, violations of Plaintiff's civil rights under the United States Constitution and 42 U.S.C. § 1983. (Doc. 2 ¶3.)

On June 8, 2015, Plaintiff filed an opposition to Defendants' Notice of Removal and Request for Screening. (Doc. 4.) The Court construes Plaintiff's opposition as a motion to remand this case to the Tuolomne County Superior Court. Defendants have not filed an opposition.

## II.     REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint, and a case is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotations and citation omitted).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[2] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). A plaintiff objecting to the removal may file a motion asking the district court to remand the case to state court. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Id.; Gaus

---

[2] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1  v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Courts "must consider whether federal
2  jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to
3  federal jurisdiction."  Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996)
4  (citations omitted).

*Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

### III. PLAINTIFF'S MOTION FOR REMAND

Plaintiff opposes Defendants' Notice of Removal, arguing that "1. This court has dismissed plaintiff's request to [a]mend such civil violations under Garcia v. M. Mix 1:10-cv-02097 BAM (PC) [and] 2. This court does not have jurisdiction under 42 U.S.C. § 1983." (Motion, Doc. 4 at 1.)  Plaintiff asserts that this court dismissed his claims for retaliation, cell searches, confiscation of property, harassment, and discrimination, against defendant F.X. Chavez and B. A. Lacey in his prior case no. 1:10-cv-02097. Plaintiff argues that most of his complaint for the present action alleges destruction of his personal property, because the court mentioned in case 1:10-cv-2097 that "Plaintiff has an adequate post-deprivation remedy available under California law." (Id. at 2:16-17.)  Plaintiff also argues that his complaint contains documents relating to state laws that are irrelevant and should be excluded from this court.

Plaintiff requests the court to strike certain portions of his complaint which refer to deliberate indifference or cruel and unusual punishment under the United States Constitution, or anything arising under § 1983. Plaintiff argues that the court has the authority to strike improper matters or non-conforming pleadings under California Code of Civil Procedure §§ 435 & 436.  Plaintiff asserts that he seeks to proceed only under California law.  Plaintiff also

argues that he is entitled to recover punitive damages under California Code of Civil Procedure § 3294.

## IV. DISCUSSION

As stated above, removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint. <u>Gully</u>, 299 U.S. at 112. This case now proceeds on Plaintiff's amended complaint filed in state court and removed to federal court. The court has thoroughly reviewed Plaintiff's amended complaint and finds claims which Plaintiff has based on violation of the United States Constitution and Plaintiff's right therein to be free of cruel and unusual punishment. (Doc. 2-1 at 107-112 ¶¶242, 247, 252, 254, 259(1)). This is sufficient to confer federal jurisdiction. Plaintiff's arguments that the case should be remanded because this court rejected similar claims in a prior case, or because he is entitled to recover punitive damages in state court, have no merit.

Plaintiff does not deny that the amended complaint contains federal claims. In fact, Plaintiff has submitted a list of twenty separate paragraphs taken from the amended complaint which refer to deliberate indifference, cruel and unusual punishment, the United States Constitution, and the Eighth Amendment. (Doc 4 at 9.) Plaintiff requests that the court strike these references to federal law from the amended complaint. However, this court's jurisdiction over the amended complaint depends on the nature of the amended complaint at the time it was removed to federal court. The Ninth Circuit has "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." <u>Williams v. Costco Wholesale Corp.</u>, 471 F.3d 975, 976 (9th Cir. 2006) (citing <u>see</u> <u>Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 159 F.3d 1209, 1213 (9th Cir. 1998); <u>O'Halloran v. Univ. of Wash.</u>, 856 F.2d 1375, 1379 (9th Cir. 1988)). Here, the nature of Plaintiff's amended complaint on its face creates no doubt as to the right of removal in the first instance. The court finds that Plaintiff's amended complaint plainly presents claims arising under federal law to warrant subject matter jurisdiction, and therefore the instant action implicates a federal interest

sufficient to sustain removal of the action to the federal court. Therefore, Plaintiff's motion for remand should be denied.

**V.     CONCLUSION AND RECOMMENDATIONS**

The court finds that federal jurisdiction exists over Plaintiff's complaint, and the action is removable. Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand, filed on February 23, 2015, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 19, 2015**                       **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE