UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO GARCIA,<br><br>    Plaintiff,<br><br>  vs.<br><br>B. A. LACEY, et al.,<br><br>    Defendants. | 1:15-cv-00774-AWI-GSA-PC<br><br>ORDER ON FINDINGS AND RECOMMENDATIONS<br><br>ORDER REMANDING MATTER TO STATE COURT<br><br>(Doc. Nos. 4, 7) |

    Guillermo Garcia ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action. On May 20, 2015, Defendants removed this case from the Tuolumne County Superior Court on the basis of federal question jurisdiction. The operative Complaint is the First Amended Complaint ("FAC"). On June 8, 2015, Plaintiff filed a motion to remand and a motion to strike. See Doc. No. 4. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On July 20, 2015, a Findings and Recommendation ("F&R") were entered that recommended denying Plaintiff's motion to remand. See Doc. No. 7. The parties were granted thirty days in which to file objections to the F&R. See id. The thirty-day time period has passed, and no party has filed objections or any other response to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B), this court has conducted a *de novo* review of this case. Given the FAC's references to the United States Constitution,

and the prayer for a declaration that the United States Constitution was violated by Defendants, the Court agrees with the F&R that a federal question is present. However, the Court respectfully does not agree that this case should remain in federal court.

As part of Plaintiff's opposition, Plaintiff indicated that he intends to pursue only California law claims. See Doc. No. 4 at p.2. Plaintiff moved the Court to strike references in the FAC to "deliverate [sic], cruel and unusual punishment under the Federal Constitution of the United States or anything else that arises under 42 U.S.C. § 1983." See Doc. No. 4 at Ex. A. If Plaintiff does not wish to pursue federal claims, the Court sees no reason to leave such claims in the FAC. The Court will grant Plaintiff's request and strike all references in the FAC to the United States Constitution and 42 U.S.C. § 1983.[1]

With the striking of all references to the United States Constitution and § 1983, the FAC contains only causes of action based on the California constitution and California law. In other words, there is no longer a federal question present. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." Because the Court has resolved the federal questions, there is no compelling reason to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court will decline to exercise supplemental jurisdiction, and will remand this matter to the Tuolumne County Superior Court. See Macri v. King Cnty., 126 F.3d 1125, 1129-30 (9th Cir. 1997) (district court acted within its discretion in declining to exercise supplemental jurisdiction and remanding state law claims).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations (Doc. No. 7) are adopted in part and declined to be adopted in part, as discussed above;

---

[1] The Court did not see an express reference to 42 U.S.C. § 1983 in Plaintiff's First Amended Complaint. However, the First Amended Complaint is over 70 pages long. Out of an abundance of caution, the Court will order stricken any references to 42 U.S.C. § 1983.

2. Plaintiff's request to strike references to federal claims/questions and proceed on only state law claims is GRANTED;

3. All references to the United States Constitution and 42 U.S.C. § 1983 in Plaintiff's First Amended Complaint are STRICKEN;

4. Pursuant to 28 U.S.C. § 1367(c)(3), the Court DECLINES to exercise supplemental jurisdiction over the remaining state law causes of action;

5. Because the Court declines to exercise supplemental jurisdiction, Plaintiff's motion to remand (Doc. No. 4) is GRANTED; and

6. The Clerk shall remand this matter forthwith to the Tuolumne County Superior Court.

IT IS SO ORDERED.

Dated:   September 9, 2015                                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                                              SENIOR DISTRICT JUDGE